UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
ANGEL DONE,                       :
                                  :
            Plaintiff,            :       ORDER
                                  :       09-CV-4878 (JFB)(ARL)
       – against –                :
                                  :
HSBC BANK USA, et al.,            :
                                  :
            Defendants.           :
                                  :
----------------------------------X

JOSEPH F. BIANCO, District Judge:

    Before the Court is a Report and Recommendation ("R & R") from Magistrate Judge Boyle. The R & R recommends that the Court dismiss plaintiff's Truth-in-Lending Act (TILA),[1] Home Ownership Equity Protection Act (HOEPA),[2] Real Estate Settlement Procedures Act (RESPA),[3] and Fair Credit Reporting Act (FCRA)[4] claims against defendants M & T Bank and M & T Mortgage Corporation (collectively "M & T"). As set forth below, having carefully reviewed the submissions under a *de novo* standard of review, the Court adopts in full Judge Boyle's thorough and well-reasoned R & R. Accordingly, the Court dismisses plaintiff's federal claims against M & T and declines supplemental jurisdiction over his state-law claims against M & T.

---

  [1] 15 U.S.C. § 1601, *et seq.*

  [2] 15 U.S.C. § 1639, *et seq.*

  [3] 15 U.S.C. § 2601, *et seq.*

  [4] 15 U.S.C. § 1681, *et seq.*

## I. Background

Judge Boyle recommended that plaintiff's federal claims be dismissed because (1) the complaint failed to provided M & T with adequate notice of the claims against it, as required by Federal Rule of Civil Procedure 8, and (2) in any event, plaintiff's claims were either time-barred or failed to state a claim for which relief could be granted. Judge Boyle also recommended that the Court decline supplemental jurisdiction over plaintiff's state-law claims.

## II. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. See *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. See Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. See Fed. R. Civ. P. 72(b); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## III. Discussion

Here, plaintiff filed objections on August 30, 2010. Liberally construing his *pro se* arguments, it appears he asserts that Judge Boyle erred (1) by referring to a previous action Mr. Done filed in this district, and (2) by considering, on a motion to dismiss, documents submitted by defendant M & T.

As a threshold matter, the Court finds nothing improper with Judge Boyle's reference to the previous action filed by plaintiff. The reference consisted of one paragraph in the 13-page R & R and was clearly provided simply as background information.

With respect to plaintiff's second objection, Judge Boyle determined that the statute of limitations barred plaintiff's TILA, RESPA, and HOEPA claims. In doing so, Judge Boyle explained that, although it was unclear from the complaint when the underlying mortgage transaction occurred, M & T had attached to its motion to dismiss the Mortgage Agreement and Mortgage Note. These documents established that the transaction occurred in January 2005 and, accordingly, that a one-year statute of limitations barred these claims. (*See* R & R at 8-10.)[5]

Plaintiff appears to argue that, because Judge Boyle considered these documents, the motion should have been considered as a motion for summary judgment, not a motion to dismiss. The Court disagrees.

In reviewing a motion to dismiss, a court may consider, *inter alia*, (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are "integral" to the complaint. *See Chambers v. Time Warner*, 282 F.3d 147, 152-54 (2d Cir. 2002); *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1992); *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

Here, the basis for plaintiff's claims is a mortgage transaction. Plaintiff's complaint

---

[5] To the extent plaintiff seeks a recision remedy under TILA, a three-year statute of limitations would apply and bar any such claim. *See* 15 U.S.C. § 1635(f.).

references, for example, "the subject promissory Note,"[6] "the loan transaction,"[7] "the mortgage,"[8] "the terms of the mortgage loan"[9] "closing,"[10] a "mortgage loan transaction,"[11] "the mortgage loan to plaintiff,"[12] "the mortgage loan documents,"[13] and "a mortgage transaction."[14] Thus, the Mortgage Agreement and Mortgage Note were incorporated by reference in the complaint, even though they were not attached to the complaint and, in fact, submitted by M & T in support of its motion to dismiss. *Cf. MIG, Inc. v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP*, 701 F. Supp. 2d 518, 523 n.5 (S.D.N.Y. 2010) (considering, on a Rule 12(b)(6) motion, documents submitted by both plaintiff and defendant to be "incorporated by reference" into the complaint); *Peters v. Molloy College of Rockville Centre*, No. 07-CV-2553 (DRH)(ETB), 2008 WL 2704920, at *2 n.2 (E.D.N.Y. July 8, 2008) ("Plaintiff's grade appeal, which Defendants submitted as part of their motion papers, is properly before the Court on this Rule 12(b) (6) motion as it is incorporated by reference in the Complaint."); *Pearson v. Pathmark Stores, Inc.*, No. 07 CV 2183(NG)(LB), 2008 WL 2439713, at *1 (E.D.N.Y. June 17, 2008) (considering, on

---

[6] (Compl. ¶ 4.)

[7] (*Id*. ¶¶ 10, 41.)

[8] (*Id*. ¶ 21.)

[9] (*Id*. ¶ 30.2.)

[10] (*Id*. ¶ 13.)

[11] ((*Id*. ¶ 55.)

[12] (*Id*. ¶ 66.)

[13] ((*d*. ¶ 83.)

[14] (*Id*. ¶ 88.)

4

a Rule 12(b)(6) motion to dismiss, documents submitted by defendant to be incorporated by reference in plaintiff's complaint).

Furthermore, even if the documents were not incorporated by reference, they were "integral" to the complaint, and, clearly, plaintiff had notice of the attached documents (both of which he signed). *Cf. Cortec Indus.*, 949 F.2d at 48 ("The stock purchase agreement, [an] offering memorandum, and the warrant were documents plaintiffs had either in its possession or had knowledge of and upon which they relied in bringing suit. . . . Consequently . . . the district court . . . could have viewed them on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *I. Meyer Pincus & Assocs. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991) (considering, on a motion to dismiss, a propsectus that was not attached complaint because prospectus was "integral to the complaint"); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) ("'Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint.'" (quoting *Chambers*, 282 F.3d at 153)). Moreover, plaintiff does not dispute the authenticity of these documents.

Thus, because the documents were (1) incorporated by reference into the complaint and (2) even if not incorporated by reference, documents that plaintiff knew about and that were integral to his complaint, they were properly considered on M & T's motion to dismiss.

The Court has reviewed the remainder of the R & R for clear error and agrees with Judge Boyle that the claims against M & T should be dismissed because (1) the complaint fails to comply with Federal Rule of Civil Procedure 8, and (2) in the alternative, plaintiffs' TILA,

5

RESPA, and HOEPA claims are barred by the statute of limitations and that his FCRA claim fails to state a claim for which relief can be granted.[15] The Court, in its discretion, also adopts the R & R's recommendation to decline supplemental jurisdiction over plaintiff's state-law claims, given that the federal claims do not survive the motion to dismiss.

Accordingly,

IT IS HEREBY ORDERED that the Court grants the motion to dismiss filed by defendants M & T Bank and M & T Mortgage Corporation as to plaintiff's federal claims and declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2010
Central Islip, NY

---

[15] Even under a *de novo* standard of review, the Court adopts the R & R in its entirety.