UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANGEL DONE,

        Plaintiff,

– against –

HSBC BANK USA, et al.,

        Defendants.

----------------------------------X

ORDER
09-CV-4878 (JFB)

JOSEPH F. BIANCO, District Judge:

Plaintiff filed the complaint in this action on November 10, 2009, but a review of the docket sheet indicates that plaintiff has never served the summons and complaint on defendants HSBC Bank, First Financial Equities, John and Jane Does, and "2929 Walden Avenue, Depew, New York."[1] By Order dated September 23, 2010, this Court directed plaintiff to submit a letter to the Court by October 12, 2010 "explaining why this case should not be dismissed *sua sponte*, under the Court's inherent power, for failure to serve under Rule 4(m)." The Court warned plaintiff that if he did not respond to the Order, "this case will be dismissed without prejudice for failure to prosecute." A copy of the Court's September 23, 2010 order was mailed to plaintiff by certified mail. Plaintiff did not respond to the Court's Order. Accordingly, for the reasons set

---

[1] By Order dated September 23, 2010, the Court adopted Judge Boyle's Report and Recommendation, and granted the motion to dismiss filed by defendants M & T Bank and M & T Mortgage Corporation as to plaintiff's federal claims and declined to exercise supplemental jurisdiction over plaintiff's state-law claims against those two defendants.

1

forth below, the claims against the remaining defendants are dismissed without prejudice for failure to serve under Rule 4(m) and for failure to prosecute.

The Supreme Court has stated that a district court can dismiss an action *sua sponte* for failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[A] federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appeared to require a motion from a party.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962)). Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link*, 370 U.S. at 633); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives to participate in scheduled proceedings, including status conferences." *Yulle v. Barkley*, No.

9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g.*, *Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, more than one year has elapsed since plaintiff commenced this action and plaintiff has still not served the summons and complaint on the above-referenced defendants or provided an explanation for the failure, despite the Court's September 23, 2010. Thus, plaintiff has shown no interest in continuing with this action as to the remaining defendants. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. In addition, the Court warned plaintiff that failure to respond to the September 23 Order would result in dismissal of the remaining claims without prejudice for failure to prosecute. Therefore, all the above-referenced factors favor dismissal of the instant case as to the remaining defendants. However, under the

circumstances, dismissal without prejudice (rather than with prejudice) as to the remaining defendants is warranted.

Dismissal is also warranted under Rule 4(m), which provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because plaintiff has failed to serve the remaining defendants or provide good cause for the failure to serve, the claims against the remaining defendants should be dismissed without prejudice under Rule 4(m). *See Zapata v. City of New York*, 505 F.3d 192, 199 (2d Cir. 2007) (finding district court did not abuse discretion in dismissing complaint under Rule 4(m) where plaintiff made no effort to effect service with 120-day period, failed to request an extension, and offered no reasonable excuse for the delay).

In sum, with respect to the claims against the remaining defendants, dismissal without prejudice for failure to prosecute and for failure to serve the summons and complaint is clearly warranted. Accordingly, the claims against defendants HSBC Bank, First Financial Equities, John and Jane Does, and "2929 Walden Avenue, Depew, New York" are dismissed without prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2011
Central Islip, New York